IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02614-REB-KAS

SH LOGISTICS, LLC,

    Plaintiff,

v.

FLORIDA KENWORTH LLC,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Extension of Time** [#51] (the "Motion"). Defendant Florida Kenworth LLC filed a Response [#56] in opposition to the Motion [#51],[1] and Plaintiff filed a Reply [#58].[2] The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#51] is **GRANTED**.

## I. Background

Plaintiff's affirmative expert witness disclosures deadline was originally May 1, 2023. *Sched. Order* [#35] at 11. On April 14, 2023, Plaintiff filed an unopposed motion to

---

[1] Former Defendant MHC, Georgia Kenworth also filed a Response [#55] in opposition to the Motion [#51] prior to its dismissal from this lawsuit. Given that Defendant MHC, Georgia Kenworth is no longer a party to this litigation, the Court does not consider its Response [#55] in connection with the adjudication of this Motion [#51].

[2] The Court notes that both Plaintiff's Motion [#51] and Reply [#58] violate Local Rule 10.1(e), which provides that "[a]ll pleadings and documents shall be double spaced." In the interest of expediency, the Court overlooks these violations in its adjudication of the present issue. However, Plaintiff is warned that future violations of the Local Rules could result in filings being stricken without further warning.

extend this deadline (as well as other related deadlines) by thirty days, *see* [#42], which the Court granted, thereby extending Plaintiff's affirmative expert witness disclosures deadline to May 31, 2023, *see* [#44]. On June 2, 2023, Plaintiff filed another unopposed motion to extend this deadline to June 9, 2023, *see* [#45], which the Court granted, *see* [#50]. At the same time, the Court also extended Defendant's affirmative expert witness disclosures deadline to July 10, 2023, and the rebuttal expert witness disclosures deadline for both parties to July 31, 2023. *Minute Order* [#50]. The present Motion [#51] was filed on July 6, 2023, nearly one month *after* the twice extended deadline.

In support of the belated request to further extend its affirmative expert disclosure deadline, Plaintiff represents that it was unable to secure an expert witness until "on or about June 12" despite commencing a search for an expert witness "on or about April 12, 2023[.]" *Reply* [#58] ¶¶ 1-2. Plaintiff further represents that it "waited until the selected expert . . . completed his expert report" before disclosing it because of nine instances where preliminarily retained experts "back[ed] out after initially agreeing to draft reports and ultimately to testify" because of potential conflicts of interest or a lack of specialized knowledge about the at-issue truck transmission. *Id*. ¶¶ 2-4; *see also Motion* [#51] ¶¶ 5-8.

On July 3, 2023, twenty-four days past the June 9 deadline, Plaintiff disclosed its sole affirmative expert witness. *Motion* [#51] at 1. As noted, the present Motion [#51] was then filed on July 6, 2023.

## II.  Standard of Review

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show

2

the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal quotations and citations omitted). The "good cause" standard "obligates the moving party to provide an adequate explanation for any delay." *Id*. (internal quotations and citation omitted).

Trial courts have "considerable discretion" in determining what satisfies "good cause." *Id*. (citing 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE - Civil § 16.14[1][b] (3d ed. 2019)). "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id*. (internal quotations, modification, and citation omitted). Trial courts must also consider the "possible prejudice to the party opposing the modification." *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that the focus is on the reasons for the requested modification rather than the degree of prejudice to the non-moving party)). Finally, carelessness is incompatible with diligence. *See id*. at 989 (citing *Johnson*, 975 F.2d at 609). An attorney's "mere failure" to "proceed promptly with the normal processes of discovery and trial preparation" does not support good cause. *Id*. (citing *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005).

### III.  Analysis

At the outset, the Court rejects the parties' assertion that an "excusable neglect" analysis applies to Plaintiff's belated request to further extend its affirmative expert disclosure deadline. *See Motion* [#51] ¶ 10; *Response* [#56] at 2; *Reply* [#58] at 3.

Federal Rule of Civil Procedure 16(b)(4) expressly applies to modifications of scheduling orders. The Tenth Circuit Court of Appeals has regularly applied Rule 16(b)(4)'s "good cause" standard to belated requests to modify scheduling orders. *See, e.g.*, *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988-89 (2019) (affirming lower court's denial of belated request to extend expert disclosure deadline for lack of good cause under Rule 16(b)(4) because the movant sought an extension nine months after the deadline passed and seven months after the movant expressed an intent to seek an extension); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (holding that Rule 16(b)(4)'s good cause standard applies to requests to amend the pleadings after the scheduling order's deadline has passed).

As to whether Plaintiff has shown good cause for the belated amendment of the Scheduling Order, the Court finds that Plaintiff has demonstrated at least some diligence. For two months, Plaintiff encountered significant difficulty in obtaining an affirmative expert, identifying and speaking with at least nine potential experts only to have each one decline due to potential conflicts of interest or a lack of specialized knowledge about the at-issue truck transmission. Also, on two occasions, Plaintiff requested and received an extension of the affirmative expert witness disclosures, although only the first request was timely made before expiration of the deadline. *See* [#42, #44, #45, #50].

However, the record also demonstrates Plaintiff's lack of diligence in other respects. As just noted, Plaintiff's second request for an extension of time was filed on Friday, June 2, 2023, two days *after* the May 31, 2023 deadline, which the Court nevertheless granted given the unopposed nature of the request. *See* [#45, #50]. That request for an extension did not disclose Plaintiff's difficulty with securing an expert;

4

rather, that request alluded to "the complex facts and . . . Plaintiff's counsel's health setbacks[.]" [#45] ¶ 2. Plaintiff's third request, i.e., the present Motion [#51], was filed on July 6, 2023, *twenty-seven days after* the June 9, 2023 deadline. In an attempt to justify this delay, Plaintiff offers a confusing explanation: "because multiple of the other identified potential experts had provided their CV's prior but then had backed out, Plaintiff waited until the selected expert finally had completed his expert report and it was ready to submit to Defendants before disclosing rather than disclose and then having to substitute another expert." *Reply* [#58] ¶ 2. Although this confusing reason appears to be misguided, it does not evidence carelessness, *i.e.*, a "general disposition not to do something that ought to be done." BLACK'S LAW DICTIONARY at 85 (2d pocket ed. 2001) (defining "carelessness"). Moreover, denying the extension would create a substantial risk of unfairness to Plaintiff, and "a client should not suffer the consequences of having a lawyer who is going through [health issues]." *Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 544, 549 (D.N.M. 2011) (granting belated extension of expert disclosure deadlines where movant's attorney encountered "unexpected turmoil in life").

Next, the Court considers the potential prejudice to Defendant Florida Kenworth LLC if Plaintiff's Motion is granted. *See Tesone*, 942 F.3d at 988 (noting relevance of potential prejudice to the party opposing the scheduling order's modification). In opposition to Plaintiff's Motion, Defendant indicates that it timely disclosed its experts on July 10, 2023, and states it "will need an additional extension of time to designate additional affirmative experts," if Plaintiff's Motion is granted. *Response* [#56] at 7.

The Court is unable to reconcile Defendant's asserted possible need for an extension of time to disclose additional affirmative experts with the fact that Plaintiff's

5

belated expert disclosure potentially impacts the Defendant's *rebuttal* expert witness disclosure deadline. While "[a]ffirmative experts are those who are typically designated by the party who bears the burden of proof on an issue[,]. . . [rebuttal experts are] intended solely to contradict or rebut evidence on the same subject matter identified by affirmative experts." *Dale v. Country Preferred Ins. Co.*, No. 19-cv-01991-PAB-SKC, 2021 WL 2529624, at *1 (D. Colo. June 21, 2021) (internal citations and quotations omitted). This means that Plaintiff's designation of an affirmative expert should have no bearing on Defendant's designation of affirmative experts. Thus, the Court finds that prejudice, if any, incurred by Defendant is not undue and is curable by extending Defendant's rebuttal expert disclosure deadline.

In sum, although Plaintiff has not been *as* diligent as is appropriate, the Court finds that Plaintiff has been diligent enough to demonstrate good cause for extension of its affirmative expert witness disclosure deadline.

## IV.  Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#51] is **GRANTED**. Plaintiff's affirmative expert witness disclosure deadline is extended to **July 3, 2023**, the date the affirmative expert report was disclosed.

IT IS FURTHER **ORDERED** that Defendant's deadline to disclose rebuttal expert opinions is extended to **September 11, 2023**.

IT IS FURTHER **ORDERED** that discovery cut-off is extended to **September 18, 2023**. The dispositive motions deadline is extended to **September 25, 2023**. The deadline to file motions under Fed. R. Evid. 401, 702, 703, 704, or 705 is extended to **October 16,**

**2023**.

The parties are advised that **no further extensions** of these deadlines will be granted absent extraordinary circumstances.

Dated: August 21, 2023                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge